# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| ROGER DALE SCOTT II, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:07CV82 LMB |
| | ) | |
| MISSOURI DEPARTMENT OF | ) | |
| PROBATION AND PAROLE, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court upon the motion of Roger Scott II (registration no. B26368), an inmate at Pinckneyville Correctional Center, for leave to proceed in forma pauperis. The motion will be granted, and plaintiff shall be assessed a partial initial filing fee of $1.82. Additionally, after reviewing the complaint, the Court finds that it should be partially dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

### 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the

average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. Id.

Plaintiff has submitted an affidavit and a certified copy of his prison account statement for the six-month period immediately preceding the submission of his complaint. A review of plaintiff's account indicates an average monthly deposit of $8.02, and an average monthly balance of $9.11. Plaintiff has insufficient funds to pay the entire filing fee. Accordingly, the Court will assess an initial partial filing fee of $1.82, which is 20 percent of plaintiff's average monthly balance.

## 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. An action is frivolous if "it lacks an arguable basis in either law or in fact." Neitzke v. Williams, 490 U.S. 319, 328 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to

state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1974 (2007).

In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. Haines v. Kerner, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. Denton v. Hernandez, 504 U.S. 25, 32-33 (1992); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

**The Complaint**

Plaintiff brings this action under 42 U.S.C. § 1983 for alleged violations of his constitutional rights. Named as defendants are the Missouri Department of Probation and Parole, Colleen Buffington (parole officer), and Unknown Supervisor. The complaint seeks monetary relief.

Plaintiff alleges that he was previously on probation and defendant Buffington was his parole officer. Plaintiff claims that Buffington sexually harassed him, i.e., that she forced him to submit to her sexual advances under threat of revoking his parole.

**Discussion**

The complaint survives initial review as to defendant Buffington. However, the Court cannot order the Clerk to serve process on Buffington because plaintiff has

not supplied the Court with Buffington's address. As a result, the Court will order plaintiff to inform the Court, in writing and within 30 days of the date of this Order, as to the address where defendant Buffington can be served with process.

"Liability under § 1983 requires a causal link to, and direct responsibility for, the alleged deprivation of rights." Madewell v. Roberts, 909 F.2d 1203, 1208 (8th Cir. 1990); see also Martin v. Sargent, 780 F.2d 1334, 1338 (8th Cir. 1985) (claim not cognizable under § 1983 where plaintiff fails to allege defendant was personally involved in or directly responsible for incidents that injured plaintiff); Boyd v. Knox, 47 F.3d 966, 968 (8th Cir. 1995)(respondeat superior theory inapplicable in § 1983 suits). In the instant action, plaintiff has not set forth any facts indicating that Unknown Supervisor was directly involved in or personally responsible for the alleged violations of his constitutional rights. As a result, the complaint is frivolous as to defendant Unknown Supervisor.

Plaintiff's claim against the Missouri Department of Probation and Parole is barred by the Eleventh Amendment. See Alabama v. Pugh, 438 U.S. 781, 782 (1978). As a result, the complaint is frivolous as to this defendant.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [Doc. #2] is **GRANTED**.

**IT IS FURTHER ORDERED** that the plaintiff shall pay an initial filing fee of $1.82 within thirty (30) days of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that if plaintiff fails to pay the initial partial filing fee within thirty (30) days of the date of this Order, then this case will be dismissed without prejudice.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint as to defendant Colleen Buffington at this time because plaintiff has failed to inform the Court as to the address where Buffington may be served.

**IT IS FURTHER ORDERED** that plaintiff shall inform the Court, **in writing and no later than 30 days from the date of this Order**, as to the address where defendant Buffington can be served with process.

**IT IS FURTHER ORDERED** that if plaintiff fails to supply the Court with Buffington's address within 30 days, this case shall be dismissed without prejudice.

**IT IS FURTHER ORDERED** that if plaintiff timely informs the Court of Buffington's address, the Court will order the Clerk to serve process or cause process to issue as to defendant Buffington.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint as to defendants Missouri Department of Probation and Parole and Unknown Supervisor because, as to these defendants, the complaint is legally frivolous. 28 U.S.C. § 1915(e)(2)(B).

An appropriate order of partial dismissal shall accompany this Memorandum and Order.

Dated this 15th day of October, 2007.

_____
UNITED STATES DISTRICT JUDGE