UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| ROGER DALE SCOTT, II, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 1:07CV82 SNLJ |
| ) | |
| MISSOURI DEPARTMENT OF ) | |
| PROBATION AND PAROLE, et al., ) | |
| ) | |
| Defendant. ) | |

## **MEMORANDUM AND ORDER**

This matter is before the Court on defendant Buffington's motion for summary judgment (#48), filed February 2, 2009. Plaintiff filed a response (#52) on April 20, 2009. Defendant then filed a reply (#54) on May 11, 2009. Defendant Buffington requests summary judgment based on immunity under the Eleventh Amendment or, in the alternative, that plaintiff has failed to state a claim upon which relief can be granted.

**I. Case Summary**

In January 2005, plaintiff Roger Scott was sentenced to 12 months probation in Illinois for Felony Obstruction of Justice/Destruction of Evidence. Plaintiff's probation was transferred from Madison County, Illinois, to Perry County, Missouri, because plaintiff had employment and a place to live in Perryville, Missouri. Initially, plaintiff's supervising officer was Mary Hogenmiller. Shortly after plaintiff began his supervision with Hogenmiller, he incurred a violation for drug use and was transferred to the Intensive Supervision Program. Once he was transferred to the Intensive Supervision Program, plaintiffs's supervising officer was defendant Colleen Buffington.

Plaintiff claims that the defendant initiated a sexual relationship with him by offering to make his probation easier and threatening to revoke his probation if he refused. In addition, plaintiff claims that defendant provided him with alcohol, aided him in obtaining drugs, and destroyed urine samples positive for drugs. Plaintiff claims that the sexual relationship was not consensual and he only succumbed to defendant's advances out of fear of returning to prison. Defendant alleges that the relationship was consensual pointing to evidence that the relationship continued even after plaintiff was no longer under the supervision of the defendant, correspondence between plaintiff and defendant, and plaintiff's interactions with defendant and her family.

Plaintiff filed this action pursuant to 42 U.S.C. § 1983 alleging that defendant violated his Fourth, Fifth, Eighth, and Fourteenth Amendment rights by forcing him to engaged in a sexual relationship with the defendant. Plaintiff also asserted a state law claim of sexual assault.

## II. Standard of Review

Courts have repeatedly recognized that summary judgment is a harsh remedy that should be granted only when the moving party has established his right to judgment with such clarity as not to give rise to controversy. New England Mut. Life Ins. Co. v. Null, 554 F.2d 896, 901 (8th Cir. 1977). Summary judgment motions, however, "can be a tool of great utility in removing factually insubstantial cases from crowded dockets, freeing courts' trial time for those that really do raise genuine issues of material fact." Mt. Pleasant v. Associated Elec. Coop. Inc., 838 F.2d 268, 273 (8th Cir. 1988).

Pursuant to Fed.R.Civ.P. 56(c), a district court may grant a motion for summary judgment if all of the information before the court demonstrates that "there is no genuine issue as to material fact and the moving party is entitled to judgment as a matter of law." Poller v. Columbia

Broadcasting System, Inc., 368 U.S. 464, 467, 82 S. Ct. 486, 7 L.Ed.2d 458 (1962). The burden is on the moving party. Mt. Pleasant, 838 F.2d at 273. After the moving party discharges this burden, the nonmoving party must do more than show that there is some doubt as to the facts. Matsushita Elec. Industrial Co. v. Zenith Radio Corp., 475 U.S. 574, 586, 106 S. Ct. 1348, 89 L.Ed.2d 538 (1986). Instead, the nonmoving party bears the burden of setting forth specific facts showing that there is sufficient evidence in its favor to allow a jury to return a verdict for it. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249, 106 S. Ct. 2505, 91 L.Ed.2d 202 (1986); Celotex Corp. v. Catrett, 477 U.S. 317, 324, 106 S. Ct. 2548, 91 L.Ed.2d 265 (1986).

In ruling on a motion for summary judgment, the court must review the facts in a light most favorable to the party opposing the motion and give that party the benefit of any inferences that logically can be drawn from those facts. Buller v. Buechler, 706 F.2d 844, 846 (8th Cir. 1983). The court is required to resolve all conflicts of evidence in favor of the nonmoving party. Robert Johnson Grain Co. v. Chem. Interchange Co., 541 F.2d 207, 210 (8th Cir. 1976). With these principles in mind, the Court turns to an examination of the facts.

### III. Discussion

#### A. Eighth Amendment

##### 1. Eleventh Amendment Immunity

Defendant argues that she is entitled to summary judgment because this action was brought against her only in her official capacity and the Eleventh Amendment to the United States Constitution bars suits against the state or one of its agencies in federal court, unless there is consent to be sued. Pennhurst State School & Hospital v. Halderman, 465 U.S. 89, 100 (1984). The Eleventh Amendment bar is jurisdictional and applies regardless of whether the suit is for damages or for declaratory and injunctive relief. Id. at 100-01. Further, § 1983 does not override

the Eleventh Amendment immunity of states and their agencies. Quren v. Jordan, 440 U.S. 332, 338-40 (1979). An action against a state official, in her official capacity, is tantamount to a suit against the state itself. Hafer v. Melo, 502 U.S. 21, 25 (1991). Thus, absent waiver or consent, an action against a state official in her official capacity, is barred by the Eleventh Amendment. Will v. Michigan Department of State Police, 491 U.S. 58, 71 (1989).

Plaintiff concedes that the Eleventh Amendment bars lawsuits against the state in federal court unless there is consent to be sued but argues that this suit is not against the state but rather against defendant Colleen Buffington, individually, for her actions against plaintiff while she was acting under the color of state law as his probation officer. To bring a suit against an official in their individual capacity the complaint must expressly state that the defendant is being sued in that capacity. Nix v. Norman, 879 F.2d 429, 431 (8th Cir. 1989). Failure to express that the official is being sued in her individual capacity will be construed as intent to sue the defendant only in her official capacity. Id. Plaintiff argues that, even though the First Amended Complaint does not state that defendant is being sued in her official capacity, this Court's order of October 15, 2007, construed it as such. In the October 15, 2007, order this Court *sua sponte* dismissed plaintiff's complaint as to the Missouri Department of Probation and Parole and an unknown supervisor under 28 U.S.C. § 1915(e)(2)(B) allowing for the court to dismiss a *forma pauperis* claim where the action is: "(I) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." However, this Court did not address the claim against defendant Buffington expressly or implicitly. Nor can this Court find any statement in the original complaint or the First Amended Complaint that expresses an intent to bring the claim in her individual capacity.

4

Plaintiff alternatively requests that this Court now consider its response to defendant's summary judgment motion as a motion to amend the complaint by interlineation to show that Buffington is being sued in her individual capacity. This action was originally filed June 4, 2007. Plaintiff has been aided by counsel since March 17, 2008, and filed his First Amended Complaint on August 12, 2008. Since that time, discovery has been conducted and a trial date has been set. However, this Court determines that, despite the prejudice to the government in allowing the plaintiff to amend his complaint a second time so far into the litigation, it is in the interest of justice to allow such an amendment. With such an amendment only the claim against the defendant in her official capacity will be dismissed, and the claim against defendant in her individual capacity will stand, provided that plaintiff has asserted enough facts to support such a violation.

**2. Eighth Amendment Violation**

The defendant argued in the alternative that, should the Court not find Eleventh Amendment Immunity, plaintiff still failed to allege an Eighth Amendment violation. Plaintiff's claim for Eighth Amendment violation is based on the allegation that the sexual relationship between plaintiff and defendant was not consensual and constituted sexual assault. Defendant responds that the uncontroverted facts demonstrate that the relationship was consensual and the plaintiff, in fact, benefitted from the relationship rather than being injured.

Though he was not incarcerated, as a convicted felon on probation, the protections of the Eighth Amendment did apply to the plaintiff. Henderson v. Municipality of Cool Valley, 17 F.Supp.2d 1044, 1047 (E.D.Mo. 1998). Sexual abuse by a corrections official, may under certain circumstances, violate the probationer's right to be free of cruel and unusual punishment under the Eighth Amendment. *See* Freitas v. Ault, 109 F.3d 1335, 1338 (8th Cir. 1997). To prevail on

a constitutional claim of sexual abuse or assault, plaintiff must prove, as an objective matter, "that the alleged abuse or harassment caused 'pain' and, as a subjective matter, the officer in question acted with a sufficiently culpable state of mind." Id.

This Court finds that there are sufficient material facts at issue to warrant a denial of defendant's motion for summary judgment on this claim. Defendant argues that objectively there could be no Eighth Amendment claim because "welcome and voluntary sexual interactions, no matter now inappropriate, cannot as a matter of law constitute 'pain' as contemplated by the Eighth Amendment. Id. at 1339. While it is true that the uncontroverted evidence establishes that at times plaintiff allowed defendant to refer to him as his boyfriend, participated in defendant's family activities, and benefitted financially from the relationship, there are issues of material fact as to whether or not the relationship began and continued as a result of defendant's coercion. If the sexual contact was not voluntary but rather entered into, as plaintiff alleges, out of fear of returning to prison, arguably there can be an Eighth Amendment violation.

Therefore, this Court holds that plaintiff has alleged enough material facts to survive defendant's motion for summary judgment. As such, this Court finds that in the interest of justice plaintiff should be allowed to amend his complaint to bring his Eighth Amendment claim against the defendant in her individual capacity. Although there are some differences in a claim against an official in their official versus individual capacity, this Court finds that any prejudice felt by the government may be overcome but granting the government a continuance of the trial date if requested and will allow the government to reopen discovery if requested.

### B. Fourth, Fifth, and Fourteenth Amendment Claims

In addition to plaintiff's allegation of violation of his Eighth Amendment rights, plaintiff's first amended complaint alleges violations of his Fourth, Fifth, and Fourteenth Amendment rights.

Defendant argues that plaintiff has failed to allege events demonstrating a violation of his rights under any of these Amendments and requests dismissal of these claims. Plaintiff does not respond to these arguments. After a review of the first amended complaint and the record this Court agrees that plaintiff has failed to allege facts sufficient to demonstrate violations of his rights under the Fourth, Fifth, or Fourteenth Amendments. As such, defendant is entitled to summary judgment on these claims.

### C. State Law Sexual Assault Claim

Finally, defendant alleges that plaintiff's state law sexual assault claim should be dismissed because it is also barred by official immunity, it has been shown that the relationship was consensual, or the Court should decline to exercise supplemental jurisdiction.

First, defendant argues that official immunity applies to the acts of state officers that are discretionary. State et rel. Trimble v. Ryan, 745 S.W.2d 672, 675 (Mo. banc 1988). Defendant argues that defendant's actions were discretionary and thus protected by official immunity. This Court disagrees with defendant's characterization of an alleged sexual assault being discretionary. Official Immunity is intended to protect officers using their discretion to fulfill their official duties. If plaintiff's allegations are true, defendant was not acting in her discretion to fulfill her duties but instead taking advantage of her position to commit a crime which is not protected by official immunity. Official immunity is a qualified immunity and does not apply to those discretionary acts done in bad faith or with malice. State ex rel. Twiehaus v. Adolf, 706 S.W.2d 443, 446 (Mo. banc 1986).

Further, for the same reasons as stated above, this Court finds that plaintiff has stated enough facts to create a material issue of fact whether the relationship was consensual.

Additionally, because this Court is retaining the Eighth Amendment claim it will retain jurisdiction over the state law claim.

## IV. Conclusion

Despite this Court's finding that the first amended complaint only alleged claims against defendant in her official capacity this Court will grant plaintiff's request for amendment to bring his Eighth Amendment and state law claims against defendant in her individual capacity. This Court further finds that there are material issues of fact regarding the nature of plaintiff and defendant's relationship that preclude the granting of summary judgment on plaintiff's Eighth Amendment and state law claims. Finally, this Court finds that plaintiff has failed to allege any facts to support his Fourth, Fifth, and Fourteenth Amendment claims and defendant is entitled to summary judgment on these

Accordingly,

**IT IS HEREBY ORDERED** that defendant Colleen Buffington's motion for summary judgment (#48) is **GRANTED** in part and **DENIED** in part.

**IT IS FURTHER ORDERED** that plaintiff's claims for violation of his Fourth, Fifth, and Fourteenth Amendment rights are **DISMISSED** with prejudice.

**IT IS FURTHER ORDERED** that defendant's requests for summary judgment on plaintiff's Eighth Amendment and state law claims are **DENIED**.

**IT IS FURTHER ORDERED** that plaintiff's Eighth Amendment claim against defendant in her official capacity is dismissed.

**IT IS FURTHER ORDERED** that plaintiff is granted leave to amend his first amended complaint to bring his claims against defendant in her individual capacity.

Dated this   25th    day of June, 2009.

                                                                     UNITED STATES DISTRICT JUDGE